**INTERSTELLAR STARSHIP SER-VICES, LIMITED, Plaintiff–Counterclaim Defendant,**

v.

**EPIX, INC., an Illinois corporation, Defendant–Counterclaimant,**

v.

**Michael R. TCHOU, Counterclaim Defendant.**

Civ. No. 97–107–FR.

United States District Court, D. Oregon.

Nov. 20, 1997.

**1332**

Lynn S. Walsh, Portland, OR, William S. Lovell, Aloha, OR, for Plaintiff–Counterclaim Defendant.

Peter E. Heuser, Stephen F. Gass, Kolisch, Hartwell, Dickinson, McCormack & Heuser, Portland, OR, Sheldon L. Epstein, Wilmette, IL, for Defendant–Counterclaimant.

## OPINION

FRYE, District Judge.

The matters before the court are 1) the plaintiff-counterclaim defendants' motion for summary judgment (# 34); and 2) the defendant-counterclaimant's motion for summary judgment of validity, enforceability and infringement of its trademark (# 40).

## BACKGROUND

On January 21, 1997, the plaintiff, Interstellar Starship Services, Limited (Interstellar Starship), filed this action against the defendant, Epix, Inc., for a judgment declaring that Interstellar Starship's use of the domain name "epix.com" on the Internet does not infringe the registered trademark "EPIX" under the trademark laws of the United States.

On May 19, 1997, Epix, Inc. filed an answer and counterclaim against Interstellar Starship and its president, Michael R. Tchou, alleging that Interstellar Starship's use of the domain name "epix.com" infringes the registered trademark "EPIX" under the trademark laws of the United States.

## UNDISPUTED FACTS

Interstellar Starship is an Oregon corporation owned by Michael R. Tchou. The registered, assumed business name of Interstellar Starship is "epix.com." Interstellar Starship uses the name "epix.com" only in connection with publicizing the activities of a theater group called the "Clinton Street Cabaret" and the theater group's "Rocky Horror Picture Show," which includes digital images of cast members made by "epix.com."

Interstellar Starship serves as the principal source of income for the consulting services provided by Michael R. Tchou in "design for test" circuit analysis. Interstellar Starship represents that the consulting service provided by Interstellar Starship does not use the mark "epix.com." Epix, Inc. maintains that "epix.com" is also used in the consulting business conducted by Interstellar Starship.

Epix, Inc. is a Delaware corporation engaging in the manufacture and sale of video imaging hardware and software. Epix, Inc. engineers, manufactures and markets products which enable an artist or an engineer to record, save, retrieve, display, manipulate, annotate, enhance, edit or print pictures from video cameras, other cameras, and other electronic imaging sources—such as the Internet. The products of Epix, Inc. are sophisticated and are used primarily by university and industrial researchers.

Since November of 1984, Epix, Inc. has regularly and continuously used the mark "EPIX" to identify and advertise its services and products. Epix, Inc. is the owner of the registered trademark "EPIX," which was registered on the Principal Register of the United States Patent and Trademark Office, Registration No. 1,618,449 for PRINTED CIRCUIT BOARDS AND COMPUTER PROGRAMS FOR IMAGE ACQUISITION, PROCESSING, DISPLAY AND TRANSMISSION, IN CLASS 9.

On January 25, 1995, Interstellar Starship caused to have registered with Network Solutions, Inc. the domain name "epix.com."

On March 9, 1995, Epix, Inc. caused to have registered with Network Solutions, Inc. the domain name "epixinc.com."

On June 26, 1996, Epix, Inc. initiated a claim with Network Solutions, Inc. to the domain name "epix.com."

On September 11, 1996, Epix, Inc. asserted to Network Solutions, Inc. that Interstellar Starship infringes the registered trademark "EPIX" by using the Internet, which assertion included a printout of the "epix.com" home page that showed the "Rocky Horror Picture Show."

On October 4, 1996, Interstellar Starship received a letter from Network Solutions, Inc. stating that Network Solutions, Inc. was initiating its policy in effect at that time which gave Interstellar Starship the choice of (1) filing a lawsuit, or (2) having its domain name "epix.com" deactivated.

On November 8, 1996, Interstellar Starship filed a trademark and a service mark application to register the mark "EPIX" for "computer graphics design" and "computer graphics" in Classes 16 and 42, respectively. Both applications allege a date of first use in commerce of May 1, 1994. Interstellar Starship represents that these applications reflect an error on the part of its attorney because there was a discrepancy between the mark recited, "EPIX," as being sought and the actual mark being used, "epix.com." On June 23, 1997, the United States Patent and Trademark Office notified Interstellar Starship of statutory refusal under Section 2(D).

On December 5, 1996, Epix, Inc. filed an affidavit of continuous use and an affidavit for acquiring incontestability for a mark registered on the Principal Register with the United States Patent and Trademark Office for the mark "EPIX." The trademark registration submitted by Epix, Inc. and accepted by the United States Patent and Trademark Office on December 10, 1996 recites a date of November, 1984 for first use of the trademark and identifies the pertinent goods as "printed circuit boards and computer programs for image acquisition, processing, display and transmission in Class 9."

The words "computer graphics designs" or "services for the design of computer graphics" or words of like import do not appear in the file of EPIX Registered Trademark No. 1,618,449. Termination of an Opposition against issuance of Registered Trademark No. 1,618,449 was subject to a settlement agreement requiring that "Epix shall now and at all times in the future use the mark EPIX only in conjunction with printed circuit boards and computer programs for image acquisition, processing, display and transmission."

On April 30, 1997, Epix, Inc. applied to the United States Patent and Trademark Office for a combined trademark registration for goods, "computer graphics designs," and a service mark registration for "services for the design of computer graphics." Epix, Inc. claimed that the trademark and the service mark had both been in commerce.

## CONTENTIONS OF INTERSTELLAR STARSHIP

Interstellar Starship concedes that Epix, Inc. is the owner of Registered Trademark No. 1,618,449, "EPIX." Interstellar Starship contends that Registered Trademark No. 1,618,449, as claimed by Epix, Inc. in this case, is invalid. Interstellar Starship explains that Epix, Inc. claims in its answer an ownership of a trademark that includes the language "computer graphics designs, services for the design of computer graphics." Interstellar Starship contends that Epix, Inc. has not made application to the United States Patent and Trademark Office and does not own a registered trademark pertaining to computer graphics design, and therefore owns no service mark at all. Interstellar Starship contends that a mark that encompasses both goods and services within the "goods" classification cannot exist as a matter of law.

Interstellar Starship contends that Epix, Inc. owns a registered trademark for "EPIX," which encompasses only those goods that conform to the description of goods in the trademark, i.e. PRINTED CIRCUIT BOARDS AND COMPUTER PROGRAMS FOR IMAGE ACQUISITION, PROCESSING, DISPLAY AND TRANSMISSION, IN CLASS 9.

Interstellar Starship contends that even if the trademark "EPIX" as claimed by Epix, Inc. is valid, there is little likelihood of confusion between the "EPIX" mark owned and used by Epix, Inc. and the "epix.com" domain name used by Interstellar Starship on

the Internet. Interstellar Starship argues that an actual or prospective customer of Epix, Inc. could not possibly be confused in its purchasing decisions vis-a-vis "EPIX" and "epix.com" because such a customer cannot purchase either a circuit board or a computer program from "epix.com" or, conversely, an image of a cast member of the Clinton Street Cabaret from Epix, Inc.

## CONTENTIONS OF EPIX, INC.

Epix, Inc. contends that the "EPIX" trademark is incontestable, and that Epix, Inc. is entitled to summary judgment of validity of its registration as a matter of law. Epix, Inc. concedes that its trademark registration does not recite the words "computer graphics." However, Epix, Inc. contends that its sales of "printed circuit boards and computer programs for image acquisition, processing, display and transmission" (Statement of Concise Facts of Epix, Inc., p. 2) provides trademark rights which are broad enough to result in the likelihood of confusion with the computer consulting services of Interstellar Starship, which uses "epix.com" in its circuit board consulting business.

Epix, Inc. contends that there is infringement because the "goods and services *are* the same." Reply Memorandum of Epix, Inc., p. 6 (emphasis in original). Epix, Inc. further contends that the marks are the same because "EPIX" is the identifying or host portion of the "epix.com" domain name used by Interstellar Starship. Epix, Inc. contends that the goods and services of Interstellar Starship are identical to the goods and services of Epix, Inc. because Interstellar Starship scans Clinton Street Theater images into a computer, transmits those images into a web site, and then permits interested persons to download those images. Epix, Inc. contends that this is precisely the same as the "image acquisition, processing, display and transmission" set forth in Epix, Inc.'s description of trademark registration goods.

Epix, Inc. contends that there is no genuine issue of material fact as to the likelihood of confusion among customers or potential customers of Epix, Inc. Epix, Inc. contends that Interstellar Starship uses the mark "EPIX" in connection with the goods identified in Epix, Inc.'s trademark registration, and that Interstellar Starship and Tchou have infringed that trademark.

## APPLICABLE LAW

A claim for federal trademark infringement may be brought against any person who shall, without the consent of the holder of the registered trademark, "use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). Neither actual confusion nor intent is necessary to a finding of likelihood of confusion. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988).

Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), provides a cause of action for anyone injured by unfair competition:

Any person who shall affix, apply, or annex, or use in connection with any goods or services ... any false description or representation, including words or other symbols tending falsely to describe or represent the same ... shall be liable to a civil action by ... any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

The test for unfair competition is exactly the same as for trademark infringement, that is, "whether the public is likely to be deceived or confused by the similarity of the marks." *Century 21*, 846 F.2d at 1178, citing *New West Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir.1979). The relevant confusion is confusion that affects the purchasing decisions of actual or prospective purchasers of the products of Epix, Inc. *W.W.W. Pharm. Co. v. The Gillette Co.*, 808 F.Supp. 1013, 23 U.S.P.Q.2d 1609, 1615, *aff'd*, 984 F.2d 567, 25 U.S.P.Q.2d 1593 (2nd Cir. 1992).

Unlike a patent or copyright, a trademark does not confer on its owner any rights in gross or at large. The law does not *per se* prohibit the use of trademarks or service

marks as domain names. Rather, the law prohibits only uses that infringe or dilute an owner's trademark or service mark. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 43 U.S.P.Q.2d 1056 (C.D.Cal.1997).

## ANALYSIS

An Internet domain name is an alias which facilitates the human use of computers. Here, a domain name consists of two parts: a host and a domain. In the case of "epix.com," the host is "epix" and the domain is "com." The host refers to a computer or device that is attached to the Internet. The Internet is divided into several domains, for example:

com—commercial business

net—network or communications organization

edu—educational institution

org—non-profit organization

gov—government

There are only a few domains, but many hosts.

Network Solutions, Inc. provides services as a registrar of a domain name. Pursuant to the rules of Network Solutions, Inc., if (1) the host in a domain name is identical to a registered trademark belonging to another person or organization, and (2) the date of first use as shown in the trademark registration precedes the application date for the domain name, and (3) the owner of the registered trademark applies for the domain name which contains that registered trademark, then the registration of the domain name will be placed on hold and nobody will be allowed to use the domain name until the dispute is resolved.

■ The issue before the court is whether Interstellar Starship's use of the Internet domain name "epix.com" infringes the trademark "EPIX"—that is, whether the public is likely to be deceived or confused by the similarity of the marks.

In *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1179 (9th Cir.1988), the court explained that the test for determining likelihood of confusion requires consideration of six factors:

1) the strength or weakness of the marks;

2) similarity in appearance, sound, and meaning;

3) the class of goods in question;

4) the marketing channels;

5) evidence of actual confusion; and

6) evidence of the intention of defendant in selecting and using the alleged infringing name.

### 1. *Strength of the Mark*

■ "A 'strong' mark is one which is used only in a "fictitious, arbitrary and fanciful manner," whereas a 'weak' mark is a mark that is a meaningful word in common usage, or is merely a suggestive or descriptive trademark." *J.B. Williams Co. v. Le Conte Cosmetics, Inc.*, 523 F.2d 187, 192 (9th Cir.1975), *cert. denied*, 424 U.S. 913, 96 S.Ct. 1110, 47 L.Ed.2d 317 (1976) (citations and footnote omitted). Marks may be strengthened by extensive advertising, length of time in business, public recognition, and uniqueness.

Epix, Inc. contends that the term "EPIX" is entitled to protection as a strong mark in that it is a fictitious word or not a word at all.

Interstellar Starship contends that the term "EPIX" is not entitled to protection as a strong mark within the relevant marketing channel, i.e. the Internet. Interstellar Starship contends that the term "EPIX" is found on 3,963 separate Internet pages, and there are at least a dozen web "home pages" on the Internet that bear on their face some variation of the term "EPIX."

■ The court finds as a matter of law that the term "EPIX" is an arbitrary mark and entitled to protection as a strong mark.

### 2. *Similarity in Appearance, Sound and Meaning*

There is no evidence that Interstellar Starship markets goods or services under the name "EPIX." However, the four letter word "epix" is contained in the "epix.com." In the context of Internet use, the mark used by Interstellar Starship as a domain name is the same mark as registered by Epix, Inc. under the trademark laws.

### 3. *Class of Goods in Question*

The undisputed evidence is that defendant Epix, Inc. is the owner of the registered trademark, "EPIX," such trademark to be used for "PRINTED CIRCUIT BOARDS AND COMPUTER PROGRAMS FOR IMAGE ACQUISITION, PROCESSING, DISPLAY AND TRANSMISSION." Exhibit 1 to Memorandum in Support of the Motion of Epix, Inc. for Summary Judgment, p. 2.

The evidence in this record is that plaintiff Interstellar Starship uses the Internet domain name "epix.com" and a "dba" "epix.com" to publicize the activities of a theater production group called "The Rocky Horror Picture Show," and that Interstellar Starship provides consulting services in the field of "design for test" circuit boards. There is no evidence in the record to create a material issue of fact as to whether Interstellar Starship uses the Internet web site designated "epix.com" to promote its consulting services in the field of "design for test" circuit boards.

### 4. *Marketing Channels*

Both Epix, Inc. and Interstellar Starship market themselves through the Internet.

### 5. *Evidence of Actual Confusion*

There is no evidence that an actual or prospective customer of Epix, Inc. ever was confused as to these names. While an Internet user seeking to purchase a product of Epix, Inc. may go initially to the Interstellar Starship website, an actual or prospective customer of Epix, Inc. could not be confused in its purchasing decision by the name "EPIX" or the words "epix.com" because such a person cannot purchase a circuit board or computer program from "epix.com" and cannot obtain an image of a cast member of the Clinton Street Cabaret from Epix, Inc. Since actual confusion need not be shown, this does not dictate the outcome. *Century 21,* 846 F.2d at 1179.

### 6. *Evidence of Defendant's Intention*

The evidence in this record is that Tchou, acting on behalf of Interstellar Starship, selected "epix.com" as a domain name for reasons unrelated to Epix, Inc. Tchou selected "epix" as a domain name as a shorthand designation for "electronic pictures." Tchou learned of the existence of Epix, Inc. through a letter from Network Solutions, Inc. informing Interstellar Starship that Epix, Inc. was seeking the domain name "epix.com."

The court finds no evidence of bad faith in this controversy. A finding of intent is not necessary, however, to a finding of likelihood of confusion. *Century 21,* 846 F.2d at 1180.

### CONCLUSION

The use of "epix.com" as an Internet address by Interstellar Starship could confuse actual or potential customers of Epix, Inc. initially. If Interstellar Starship provided the same goods or services as Epix, Inc., Epix, Inc. would be entitled to prevail under applicable trademark law. However, in this case, Interstellar Starship makes a compelling argument that an actual or potential customer of Epix, Inc. could not be seriously confused by the "epix.com" Internet site of Interstellar Starship used to publicize the "Rocky Horror Picture Show."

Epix, Inc. argues that the goods and services of the parties are "identical." Epix, Inc.'s Reply Memorandum, p. 5. The record does not support such an assertion. The record shows that Interstellar Starship uses the name "epix.com" in connection with publicizing the activities of a theater group called the "Clinton Street Cabaret" and its "Rocky Horror Picture Show," including digital images of cast members made by "epix.com." The claim by Epix, Inc. that Interstellar Starship uses the "epix.com" mark to promote its "design for test" circuit analysis could make it probable that the public will be confused by Interstellar Starship's use of the mark. However, there is no evidence in this record from which this court could conclude that there is a material issue of fact as to whether Interstellar Starship uses the "epix.com" Internet site to promote its "design for test" consulting business.

The court finds that the use of the Internet website "epix.com" by Interstellar Starship to publicize the "Rocky Horror Picture Show" is not likely to confuse any actual or potential customer seeking to purchase printed circuit boards and computer programs from Epix, Inc. While the court concludes

that Epix, Inc. is the owner of the valid Registered Trademark No. 1,618,449, under the facts of this case the court finds no infringement by Interstellar Starship.

Interstellar Starship's motion for summary judgment (# 34) is granted. Epix, Inc.'s motion for summary judgment of infringement of its trademark (# 40) is denied; the motion of Epix, Inc. for summary judgment as to validity and enforceablilty are rendered moot.