INTERSTELLAR STARSHIP SER-
VICES, LIMITED, Plaintiff–Coun-
ter–Defendant–Appellee,

v.

EPIX INCORPORATED, an Illinois
Corporation, Defendant–Counter–
Claimant–Appellant.

Interstellar Starship Services, Limited,
Plaintiff–Counterclaim–Defendant–
Appellant,

and

Michael R. Tchou, Counterclaim–
Defendant–Appellant,

v.

Epix Incorporated, an Illinois Cor-
poration, Defendant–Counter-
claimant–Appellee.

Nos. 98–35142, 98–35424.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1999.

Decided July 19, 1999.

mette, Illinois, for defendant-appellant Epix, Incorporated.

Peter E. Heuser, Kolisch, Hartwell, Dickinson, McCormack & Heuser (On the Briefs), Portland, Oregon, for defendant-appellant Epix, Incorporated.

William S. Lovell, Aloha, Oregon, for appellees cross-appellants Interstellar Starship Services, and Michael R. Tchou.

Savoy Rose Jade, Newport, Oregon, for appellees cross-appellants Interstellar Starship Services, and Michael R. Tchou.

Before: T.G. Nelson, Reinhardt, and Trott, Circuit Judges.

TROTT, Circuit Judge:

Epix, Inc. appeals a summary judgment for Interstellar Starship Services, Ltd. ("ISS"), and ISS cross-appeals the denial of its request for attorneys' fees. In a published opinion, 983 F.Supp. 1331 (D.Or. 1997), the district court held that ISS's maintenance of an internet web page at "epix.com" did not infringe Epix's registered trademark, "EPIX," and granted declaratory judgment to ISS. The district court then denied ISS's request for attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291 (1994), and we reverse and remand the grant of summary judgment in favor of ISS. We affirm the denial of ISS's request for attorneys' fees.

I

Epix manufactures and sells video imaging hardware and software and provides consulting services to customers with regard to its products. Epix registered "EPIX" with the United States Patent and Trademark Office ("PTO") in 1990, claiming a first-use date of November 1984. The tendered and accepted purpose of the "EPIX" trademark encompassed "printed

Sheldon L. Epstein, Law Office of S.L. Epstein (Argued and On the Briefs), Wil-

circuit boards and computer programs for image acquisition, processing, display and transmission in class 9." The "EPIX" trademark acquired incontestable status in December, 1996. The registration does not relate to Epix's consulting services, although in an application filed April 1997 for registration of "EPIX" as a trade and service mark with regard to computer graphics designs and services for computer graphics designs, Epix claims to have used "EPIX" in commerce as a service mark as well. The PTO has not issued a decision on Epix's recent service mark application.

The record does not make crystal clear the precise nature of ISS's business or its use of the "epix.com" web page. On November 4, 1996, ISS applied for registration of "EPIX" as a trade and service mark for use on computer graphics design services and computer graphics, although ISS now contends this was an error on the part of its attorney, who should have applied to register not "EPIX," but "epix.com." The PTO denied the application, and ISS is currently appealing that denial to the Trademark Trial and Appeals Board. The district court concluded from the record that ISS's business included the offering of consulting services on " 'design for test' circuit analysis." *Interstellar v. EPIX, Inc.*, 983 Supp. 1331, 1332 (D.Or. 1997).

Currently, pictures of a Portland, Oregon drama group, the "Clinton Street Cabaret," can be found at the "epix.com" web site. At one time, the web page included information about how the pictures were transferred to a computer and touched up for posting. This information has since been removed from the "epix.com" site. The site also included at one point a link which permitted visitors to read about ISS and its business.

## II

Epix sought to have Network Services, Inc. ("NSI"), the registrar of domain names, cancel the "epix.com" registration. Under NSI's domain-name dispute policy, when Epix supplied NSI with a certified copy of its registration of the "EPIX" trademark, NSI informed ISS that it would lose its right to use "epix.com" unless it could present NSI with a declaratory judgment of non-infringement of Epix's trademark.

ISS sued for declaratory judgment of its right to maintain the "epix.com" web site. Epix counterclaimed, alleging federal trademark infringement, federal unfair competition, Oregon common-law trademark infringement, and Oregon law trademark dilution. ISS moved for summary judgment on its claim for declaratory relief, and Epix moved for summary judgment of the validity, enforceability, and infringement of its trademark. The district court granted summary judgment to ISS and denied summary judgment to Epix. 983 F.Supp. at 1336–37.

## III

■ We review the district court's grant of summary judgment de novo. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998). Viewing the evidence in the light most favorable to Epix, we must reverse summary judgment if genuine issues of material fact remain such that ISS is not entitled to judgment as a matter of law. *See id.* Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1356 n. 5 (9th Cir.1985).

■ The district court correctly recognized that a word used as a second-level domain name in a web-site address can present a cause of action for trademark infringement. *See Brookfield Comms., Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1045–47 (9th Cir.1999). Under federal trademark infringement law, 15 U.S.C. § 1114 (1994), federal unfair competition law, 15 U.S.C. § 1125(a) (1994), and Oregon common law of trademark infringement, Epix can defeat summary judgment by placing evidence on the record tending to "establish that [ISS] is using a mark confusingly similar to a valid,

protectable trademark of [Epix]'s." *Brookfield,* 174 F.3d at 1046; *see Classic Instruments, Inc. v. VDO–Argo Instruments, Inc.,* 73 Or.App. 732, 700 P.2d 677, 684 (1985) (applying cases interpreting federal law to an Oregon-law cause of action for trademark infringement).

■■■ The district court concluded that Epix has a valid and protectable trademark in "EPIX," a conclusion which ISS does not dispute.[1] Whether a likelihood of confusion exists requires us to consider the eight "*Sleekcraft* factors," which we recently revisited in *Brookfield:*

> [1] similarity of the conflicting designations; [2] relatedness or proximity of the two companies' products or services; [3] strength of [Epix]'s mark; [4] marketing channels used; [5] degree of care likely to be exercised by purchasers in selecting goods; [6] [ISS]'s intent in selecting its mark; [7] evidence of actual confusion; and [8] likelihood of expansion in product lines.

174 F.3d at 1053–54 (citing *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348–49 (9th Cir.1979)). We recognize a brand of confusion called "initial interest" confusion, which permits a finding of a likelihood of confusion although the consumer quickly becomes aware of the source's actual identity and no purchase is made as a result of the confusion. *Brookfield,* 174 F.3d at 1061–64 (citing *Dr. Seuss Enters. v. Penguin Books USA,* 109 F.3d 1394, 1405 (9th Cir.1997), and *Mobil Oil Corp. v. Pegasus Petroleum Corp.,* 818 F.2d 254, 257–58 (2d Cir.1987)).

## A

■■■ The district court correctly concluded that two *Sleekcraft* factors support Epix's claim of a likelihood of confusion. Applying *Brookfield,* "epix.com" is, "for all intents and purposes, identical in terms of sight, sound,[2] and meaning" to "EPIX," 174 F.3d at 1055 (citing the district court's disposition in this case, 983 F.Supp. at 1335, as an example of an appropriate comparison between a domain-name combination and a trademark), and because both ISS and Epix market on the internet, the marketing channels are identical, *see id.* at 1057. One *Sleekcraft* factor supports ISS's claim that no likelihood of confusion exists: the degree of care likely to be exercised by customers. Epix's customers are sophisticated industry and university researchers, and Epix's goods cost in the range of several thousand to tens of thousand dollars. *See Sleekcraft,* 599 F.2d at 353 (holding that expensive goods and sophisticated purchasers cut against a likelihood of confusion). Sophisticated purchasers of expensive goods should eventually be able to find exactly what they are searching for.

## B

The five remaining *Sleekcraft* factors require the weighing of conflicting evidence. Because a court should not weigh evidence on a summary judgment motion, *Abdul–Jabbar v. General Motors Corp.,* 85 F.3d 407, 410 (9th Cir.1996), we remand for trial.

Similarity of products and services: ISS argues that "epix.com" is used only as a repository for photographs, such that ISS does not compete with Epix's video imaging business. Although ISS correctly points out that its use of the "epix.com" web site, rather than the entirety of the business transacted under the ISS name, is the relevant criterion, the disputed site

---

1. ISS does contend that the Epix trademark is not valid as a service mark for "consulting services"—only for the uses specified in its registration. However, the reach of "EPIX" does not affect its validity as a mark. Rather, the likelihood of confusion analysis deals with the similarity of products and services and the likelihood of expansion in product lines. *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348–49, 350, 354 (9th Cir.1979).

2. Counsel for ISS argues that "epix.com" is pronounced with a long "e," like "e-mail." However, because this case relates solely to internet usage where, as counsel acknowledges, a trademark or domain name is never spoken out loud, we hold the difference in pronunciation to be irrelevant.

previously included a discussion of ISS's business. Moreover, evidence indicates that the web site explained how photographs of the Clinton Street Cabaret were altered and displayed on the internet. This evidence supports an inference that ISS markets video imaging services on the "epix.com" site. When we consider the doctrine of initial interest confusion, this evidence becomes even more compelling. An Epix customer might read about ISS on the "epix.com" site and decide to give ISS's services a try, permitting ISS to capitalize on the goodwill Epix developed in its trademark—even if the customer is never confused about Epix's lack of connection to "epix.com." *See Brookfield,* 174 F.3d at 1061–62.

■ Strength of the mark: The district court concluded that "EPIX" was an arbitrary word and thus a strong mark. 983 F.Supp. at 1335. Initially, we note that the district court's conclusion cuts against its eventual grant of summary judgment, because "an arbitrary or fanciful mark ... will be afforded the widest ambit of protection from infringing uses." *Sleekcraft,* 599 F.2d at 349. Moreover, we read the record as presenting conflicting evidence on the question of strength. "EPIX" is not listed in the *Oxford English Dictionary* (2d ed.1991). However, neither is "Slickcraft"; a coined term can still be suggestive or descriptive. 599 F.2d at 349 (holding "Slickcraft" to be suggestive of a fast boat). When deposed, ISS's president testified that "EPIX" describes "electronic pictures," in much the same way that "e-mail" describes "electronic mail." We conclude that the conflicting evidence on this factor requires the district court to give second consideration to the question of the strength of "EPIX" as a trademark for video imaging products and services.

■ ISS's intent: ISS's president testified in deposition that ISS chose "epix.com" because it described electronic pictures. However, ISS became aware of the "EPIX" trademark when it applied for

its own registration of "EPIX." Adopting a designation with knowledge of its trademark status permits a presumption of intent to deceive. *See Brookfield,* 174 F.3d at 1059 (citing *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1394 (9th Cir.1993)). In turn, intent to deceive is strong evidence of a likelihood of confusion. *Sleekcraft,* 599 F.2d at 354. Because of the conflicting evidence, ISS's intent should be decided by a jury.

Actual confusion: Testimony and ISS server logs indicate that numerous Epix customers reached the "epix.com" web site when searching for Epix on the internet. At the very least, as the district court acknowledged, this is substantial circumstantial evidence of initial customer confusion. 983 F.Supp. at 1336. However, ISS tenders a number of possible innocent explanations for these "hits," and whether ISS even markets the same products and services as Epix is not conclusively established. The question of actual confusion presents precisely the kind of conflicting evidence that should be resolved by a jury, rather than by the district court on summary judgment.

Expansion of product lines: ISS argues that Epix does not have a registered service mark in "EPIX" for use in the consulting aspects of its business. However, the likelihood of confusion is greater if either or both parties might expand their offered products and services to overlap. *Sleekcraft,* 599 F.2d at 354. In this case, ISS has applied for, and is appealing the denial of, a registration of a mark for "computer-enhanced graphic[s]." Epix is awaiting a decision on its application to register "EPIX" for "computer graphics design manuals" and "computer services, namely ... graphics...." Whether or not Epix and ISS currently compete head-to-head, the possibility that they will in the future must be considered.

■ Although the district court undertook a well-reasoned analysis of the appropriate law,[3] we hold that Epix must have

---

**3.** The district court applied the six-factor test    from *Century 21 Real Estate Corp. v. Sandlin,*

the opportunity to go to trial on its claims of trademark infringement and unfair competition. Because evidence on the record would permit a rational factfinder to find a likelihood of confusion, the district court erred in granting summary judgment to ISS on the declaratory judgment and trademark infringement claims.

## IV

■ ISS cross-appeals the district court's denial of its request for attorneys' fees, which we review for an abuse of discretion. *See Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 825 (9th Cir.1997). The Lanham Act permits an award of attorneys' fees to a prevailing party in "exceptional circumstances," 15 U.S.C. § 1117(a), such as when "'a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith,'" *Id.* at 826–27 (quoting *Scott Fetzer Co. v. Williamson*, 101 F.3d 549, 555 (8th Cir.1996)). Because we reverse the summary judgment in ISS's favor and remand for trial, ISS is no longer a "prevailing party" entitled to attorneys' fees. 15 U.S.C. § 1117(a). Moreover, we find no cause to disturb the district court's factual finding that Epix did not engage in malicious, bad faith, fraudulent, deliberate or willful conduct. We affirm the district court's refusal to grant attorneys' fees to ISS.

REVERSED and REMANDED; cross-appeal AFFIRMED.

---

846 F.2d 1175, 1179 (9th Cir.1988), which does not include the degree of purchaser care and likelihood of expansion in product lines factors. 983 F.Supp. at 1335. Although we apply the *Sleekcraft* test and hold that both unmentioned factors are relevant in the instant case, we do not believe that a district court necessarily errs as a matter of law when choosing one formulation over another.