**INTERSTELLAR STARSHIP SERVICES, LIMITED, Plaintiff–Counterclaim Defendant,**

v.

**EPIX, INC., an Illinois corporation, Defendant–Counterclaimant,**

v.

**Michael R. Tchou, Counterclaim Defendant.**

**Civil No. 97–107–FR.**

United States District Court, D. Oregon.

Jan. 27, 2000.

Lynn S. Walsh, Portland, Oregon, William S. Lovell, Aloha, Oregon, for Plaintiff–Counterclaim Defendant and Counterclaim Defendant.

Peter E. Heuser, Stephen F. Gass, Kolisch, Hartwell, Dickinson, McCormack & Heuser, Portland, Oregon, Sheldon L. Epstein, Wilmette, Illinois, for Defendant–Counterclaimant.

## OPINION AND ORDER

FRYE, District Judge.

The matters before the court are the first motion to compel production of documents (# 154) and the second motion to compel production of documents (# 161) filed by plaintiff-counterclaim defendant Interstellar Starship Services, Limited and counterclaim defendant Michael R. Tchou.

## BACKGROUND

On January 21, 1997, the plaintiffs, Interstellar Starship Services, Limited and Michael Tchou (Interstellar Starship), filed this action against the defendant, Epix, Inc., for a judgment declaring that Interstellar Starship's use of the domain name "epix.com" on the Internet does not infringe the registered trademark "EPIX" under the trademark laws of the United States.

On May 19, 1997, Epix, Inc. filed an answer and counterclaim against Interstellar Starship and its president, Michael R. Tchou, alleging that Interstellar Starship's use of the domain name "epix.com" infringes the registered trademark "EPIX" under the trademark laws of the United States.

On November 20, 1997, this court granted the motion for summary judgment filed by Interstellar Starship finding no evidence of infringement by Interstellar Starship. *Interstellar Starship Servs., Ltd. v. EPIX, Inc.,* 983 F.Supp. 1331, 1337 (D.Or.1997). Upon appeal, the United States Court of Appeals for the Ninth Circuit reversed the ruling of this court and remanded the case back to this court ordering that "Epix must have the opportunity to go to trial on its claims of trademark infringement and unfair competition." *Interstellar Starship Servs., Ltd. v. Epix, Inc.,* 184 F.3d 1107, 1111–12 (9th Cir. 1999).

## APPLICABLE LAW

Rule 37(a) of the Federal Rules of Civil Procedure provides, in relevant part:

A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

. . . .

. . . [I]f a party, in response to a request for inspection submitted under Rule 34 . . . fails to permit inspection as requested, the discovering party may move for an order compelling . . . inspection in accordance with the request.

Fed.R.Civ.P. 37(a)(2)(B).

## ANALYSIS

1. *First Motion to Compel Production of Documents*

Interstellar Starship moves the court to compel Epix, Inc. to adequately respond to the First Post–Appeal Request for Production of Documents that was served on Epix, Inc. on October 18, 1999. Epix, Inc. contends that it has provided full responses, but

has objected to producing certain documents based upon its attorney/client privilege and the work product doctrine.

Interstellar Starship contends that Epix, Inc. has waived any attorney/client privilege it may have had by invoking the defense of advice of counsel to the claim of Interstellar Starship for attorney fees as well as by a partial response to certain questions in discovery. Epix, Inc. contends that some waiver of the attorney/client privilege has taken place relating to the likelihood of Epix, Inc.'s success in this case. Epix, Inc. contends that there are no documents that set forth advice regarding the merits of this case, and Interstellar Starship is not entitled to documents covered by the work product doctrine and Rule 26(b)(3), which protects "mental impressions" and "legal theories" concerning the litigation. Epix, Inc. contends that the documents at issue involve litigation strategy and are not discoverable without a showing of "substantial need." Fed.R.Civ.P. 26(b)(3).

■ If a client or his attorney testifies to privileged communications, this constitutes a waiver of the attorney/client privilege as to that subject. *Columbia Cascade Co. v. Interplay Design Ltd.*, 17 USPQ2d 1882, 1884 (D.Or.1990).

■ In response to the motion for attorney fees made by Interstellar Starship, Epix, Inc. presented the testimony of Dr. Howard M. Dreizen, President of Epix, Inc., by declaration that "Mr. Epstein [counsel for Epix, Inc.] informed me, after conducting his investigation, that in his opinion ISS was infringing Epix's EPIX trademark registration by using the EPIX name in its web site and by adopting the 'epix.com' domain name." Exhibit B to Opposition of Epix to ISS's First Motion to Compel Production of Documents, p. 3. This statement is subject to examination by Interstellar Starship in a deposition. At this stage in this litigation, the court has no basis to reject the statements of Epix, Inc. that "[t]here are no documents that set forth advice regarding the merits of the case" and that "[t]he documents to which Epix has objected all involve litigation strategy." Opposition of Epix to ISS's First Motion to Compel Production of Documents, pp. 2, 4.

Because there is no showing that the documents at issue involve the opinion of counsel for Epix, Inc. that Interstellar Starship was infringing the trademark registration of EPIX, the first motion to compel production of documents is denied.

### 2. *Second Motion to Compel Production of Documents*

Interstellar Starship requests an order of this court "compelling Epix to provide copies of its Internet downloads in their original form as will show the 'http://' file structure, and secondly a complete set of its server log data including all of the data upon which it relied in its Declaration of Dreizen." Second Motion to Compel Production of Documents, p. 3.

■ Epix, Inc. responds that the second motion to compel should be denied because "ISS's Second Motion to Compel asks for things that Epix simply does not have." Epix's Response to ISS's Second Motion to Compel, p. 2.

Based upon the record, this court has no basis to fashion an order compelling production of documents. The second motion to compel production of documents is denied.

### CONCLUSION

The first (# 154) and second (# 161) motions to compel production of documents filed by plaintiff-counterclaim defendant Interstellar Starship Services, Limited and counterclaim defendant Michael R. Tchou are DENIED.

IT IS SO ORDERED.