**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONAL PRODUCTS INC, | No. 10-35826 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00049-JLR |
| v. | |
| GAMBER-JOHNSON LLC, | MEMORANDUM* |
| Defendant - Appellee. | |

| | |
|---|---|
| NATIONAL PRODUCTS INC, | No. 10-36118 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00049-JLR |
| v. | |
| GAMBER-JOHNSON LLC, | |
| Defendant - Appellant. | |

| | |
|---|---|
| NATIONAL PRODUCTS INC, | No. 11-35055 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00049-JLR |
| v. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

GAMBER-JOHNSON LLC,

              Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted August 5, 2011
Seattle, Washington

Before: SCHROEDER and NOONAN, Circuit Judges, and SNOW, District Judge.[**]

National Products, Inc. ("NPI") and Gamber-Johnson LLC ("Gamber")

separately appeal the district court's rulings in a false advertising action arising

under 15 U.S.C. § 1125(a) of the Lanham Act. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

NPI presented sufficient evidence to support its false advertising claim,

including the jury findings of falsity and deliberateness. *See Southland Sod Farms

v. Stover Seed Co.*, 108 F.3d 1134, 1139, 1146 (9th Cir. 1997). Therefore, the

district court did not err in denying Gamber's motions for judgment as a matter of

law with respect to liability. *See El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th

Cir. 2005).

---

[**] The Honorable G. Murray Snow, District Judge for the U.S. District
Court for Arizona, Phoenix, sitting by designation.

The award of attorneys' fees was not an abuse of discretion.  *See Interstellar Starship Services, Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999).  Under the Lanham Act, the district court may award attorneys' fees to the prevailing party "in exceptional cases."  15 U.S.C. § 1117(a).  A case is "exceptional" when the conduct is "willful, deliberate, knowing or malicious."  *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216-17 (9th Cir. 2003).  Because sufficient evidence supported the jury's finding of deliberateness, the district court did not abuse its discretion in awarding attorneys' fees to NPI.

The district court did not err in exercising its discretion to reduce the jury award of profits because the award was excessive.  *See* 15 U.S.C. § 1117(a).

**AFFIRMED.**

3