349 F.3d 601
 TALKING RAIN BEVERAGE CO., INC., a Washington corporation, Plaintiff-Appellant,
v.
SOUTH BEACH BEVERAGE COMPANY, a Delaware corporation; The South Beach Beverage Company LLC, a Connecticut limited liability company, Defendants-Appellees.
 No. 02-35845.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted October 9, 2003 — Seattle, Washington.
 Filed November 4, 2003.
 
 James R. Uhlir, Bradley T. Fox and Everett E. Fruehling, Christensen O'Connor Johnson Kindness, PLLC, Seattle, WA, for plaintiff-appellant.
 Edmond J. Ferdinand, III and Gregory J. Battersby, Grimes & Battersby, Norwalk, CT; Mark M. Hough and James Rhett Brigman, Riddell Williams P.S., Seattle, WA, for defendants-appellees.
 Appeal from the United States District Court for the Western District of Washington; Barbara Jacobs Rothstein, District Judge, Presiding. D.C. No. CV-01-01451-BJR.
 Before STEPHEN S. TROTT, RAYMOND C. FISHER and RONALD M. GOULD, Circuit Judges.
 OPINION
 FISHER, Circuit Judge.
 
 
 1
 Talking Rain owns U.S. Trademark Registration No. 2,181,774, which covers the shape of a bottle that Talking Rain uses in its sales of flavored and unflavored water. See Appendix A. Talking Rain claims that South Beach Beverage Company, Inc., and the South Beach Beverage Company, LLC (collectively "SoBe") use a bottle in sales of beverages that is confusingly similar to Talking Rain's trademarked bottle. Talking Rain sued SoBe, claiming trademark infringement and false designation of origin, in violation of §§ 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and the Washington State Consumer Protection Act, WASH. REV. CODE § 19.86.020. SoBe counterclaimed, alleging that Talking Rain's bottle is functional and, accordingly, that its trademark registration is invalid and should be canceled.[1]
 
 
 2
 Talking Rain appeals from the district court's final judgment dismissing its complaint, granting SoBe's counterclaim to invalidate Talking Rain's federal trademark registration for its design and directing the Commissioner of Patents and Trademarks to cancel Talking Rain's federal trademark registration. Reviewing de novo the district court's grant of summary judgment, see Botosan v. Paul McNally Realty, 216 F.3d 827, 830 (9th Cir.2000), and viewing the evidence in the light most favorable to Talking Rain, see Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), we hold that Talking Rain's bottle design is functional and thus affirm the district court.
 
 I.
 
 3
 Talking Rain's trademarked design and SoBe's bottle both resemble a typical "bike bottle." See Appendices B and C. Specifically, the bottles have smooth sides and a recessed, grip area approximately two-thirds of the way up from the bottoms of the bottles. SoBe contends that it modeled its bottle after a traditional bike bottle. Talking Rain refers to its bottle as the "Grip Bottle" and has promoted the bottle under the slogan "Get a Grip!" Talking Rain acknowledges that its trademarked design, which it spent millions of dollars developing and promoting, also resembles a bike bottle. Both bottles fit easily into the bottle holders that are often used on bicycles. According to both parties, the recessed "grip" area also offers structural support, which helps a bottle retain its shape.
 
 
 4
 Talking Rain's bottles are made from polyester terephthalate, which is a transparent plastic. Talking Rain and its licensee, Santa Cruz Sports and Nutrition, L.L.C., use the bottle in selling flavored and unflavored water. SoBe's bottles are made from polypropylene, which is a translucent plastic. SoBe uses its bottles in selling isotonic beverages, which are designed to prevent dehydration during exercise.
 
 II.
 
 5
 To succeed on its trademark claims under the Lanham Act, Talking Rain must meet three elements: (1) nonfunctionality, (2) distinctiveness and (3) likelihood of confusion. See Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery, 150 F.3d 1042, 1046-47 (9th Cir.1998). Talking Rain's state law claims also turn on whether it can establish these elements. See Nordstrom, Inc. v. Tampourlos, 107 Wash.2d 735, 733 P.2d 208, 210(1987).
 
 
 6
 Talking Rain's trademark is presumptively valid because it has been registered. See Tie Tech, Inc. v. Kinedyne Corp., 296 F.3d 778, 782-83 (9th Cir.2002). But if SoBe "can demonstrate through law, undisputed facts, or a combination thereof that the mark is invalid, the evidentiary bubble bursts and the plaintiff cannot survive summary judgment. In the face of sufficient and undisputed facts demonstrating functionality ... the registration loses its evidentiary significance." Id. at 783. Thus, once the presumption of validity afforded a registered trademark has been rebutted, mere registration does not enable a trademark holder to survive summary judgment.
 
 
 7
 We conclude below that, notwithstanding its registered trademark, Talking Rain's bike bottle design is functional. We therefore affirm the district court's decision to grant summary judgment to SoBe on the federal and state law claims and to direct the Commissioner of Patents and Trademarks to cancel Talking Rain's federal trademark registration. In light of this conclusion, we need not reach the distinctiveness and likelihood of confusion issues.
 
 III.
 
 8
 A trademark is functional "when it is essential to the use or purpose of the device or when it affects the cost or quality of the device." TrafFix Devices, Inc. v. Mktg. Displays, Inc., 532 U.S. 23, 33, 121 S.Ct. 1255, 149 L.Ed.2d 164 (2001) (discussing the "traditional rule" set forth in Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 850 n. 10, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982)). To determine whether a product feature is functional, this circuit typically considers four factors: (1) whether advertising touts the utilitarian advantages of the design, (2) whether the particular design results from a comparatively simple or inexpensive method of manufacture, (3) whether the design yields a utilitarian advantage and (4) whether alternative designs are available. See Disc Golf Ass'n v. Champion Discs, Inc., 158 F.3d 1002, 1006 (9th Cir.1998).
 
 
 9
 In applying the Disc Golf factors, we are mindful of the Supreme Court's recent pronouncement that once functionality is established, "[t]here is no need ... to engage ... in speculation about other design possibilities...." TrafFix, 532 U.S. at 33, 121 S.Ct. 1255. Therefore, the existence of alternative designs cannot negate a trademark's functionality. But the existence of alternative designs may indicate whether the trademark itself embodies functional or merely ornamental aspects of the product. See id. at 34, 121 S.Ct. 1255.
 
 
 10
 The evidence in this case, even when viewed in the light most favorable to Talking Rain, establishes that Talking Rain's trademark is functional. First, Talking Rain's advertising touts its bottle's utilitarian features. Talking Rain, which refers to its bottle as the "Grip Bottle," argues that its "Get a Grip!" slogan involves a double-meaning because the slogan is a slang expression meaning "get in control." No matter the plausibility of Talking Rain's "double-entendre" argument, at least one meaning of its advertising is that the bottle is easy to grip. We are not required to ignore advertising that touts functional features just because those ads may include messages — subtle or otherwise — aimed at nonfunctional features.
 
 
 11
 Second, Talking Rain has acknowledged that manufacturing considerations explain why its bottle looks the way it does. In particular, the grip feature, aside from making the bottle easier to hold, offers structural support. Talking Rain misunderstands the functionality inquiry in contending that manufacturing considerations cut against a finding of functionality because the bottle was costly to design. Through its investment, Talking Rain learned that by adding a recessed/ grip area, it could manufacture a plastic bottle with curved sides that would not collapse. Talking Rain's initiative is commendable, but to the extent its product design is functional, trademark law does not prohibit SoBe from also using this efficient manufacturing process. See Tie Tech, 296 F.3d at 785("The requirement of nonfunctionality is based on the judicial theory that there exists a fundamental right to compete through imitation of a competitor's product, which right can only be temporarily denied by the patent or copyright laws.") (internal quotation marks omitted) (emphasis in original); Leatherman Tool Group, Inc. v. Cooper Indus., Inc., 199 F.3d 1009, 1012 (9th Cir.1999) ("[I]t is not the purpose of unfair competition law, under the guise of either consumer protection or the protection of business good will, to implement a policy of encouraging innovative designs by protecting them once designed.") (internal quotation marks omitted). On the contrary, that the grip feature reflects a comparatively simple method of manufacturing a structurally sound bottle indicates that the trademarked bottle is functional. See Disc Golf Ass'n, 158 F.3d at 1009("A functional benefit may arise if `the design achieves economies in manufacture or use.'" (quoting Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 823 (9th Cir.1993))).
 
 
 12
 Third, the bike bottle design yields a utilitarian advantage. SoBe contends that the bottle fits easily into a bicycle bottle holder and that the grip area helps the bottle to retain its shape for reuse. SoBe also contends that the grip area makes the bottle easier to grip, particularly for bicyclists and others who might use the bottle while exercising. See Nora Beverages, Inc. v. Perrier Group of Am., Inc., 269 F.3d 114, 120 n. 4 (2d Cir.2001) (the waist/recessed area of a 1.5 liter water bottle "creates a very useful groove into which a thumb and forefinger can rest comfortably while at the same time providing a more secure grip of a relatively heavy bottle").
 
 
 13
 Talking Rain does not dispute these contentions. Instead, Talking Rain argues that its trademarked design is merely one of a number of possible designs for bike bottles. According to Talking Rain, SoBe could have achieved the same functionality by adopting a bike bottle design other than the design embodied by Talking Rain's trademark. But under the Supreme Court's decision in TrafFix, the mere existence of alternatives does not render a product nonfunctional. See 532 U.S. at 33-34, 121 S.Ct. 1255.
 
 
 14
 Here, Talking Rain's advertising emphasizes functionality, the bottle's shape is motivated by manufacturing efficiencies and the bottle itself offers utilitarian advantages that non-bike bottles do not possess.[2] Moreover, that recessed/grip areas appear to be common in the beverage industry tends to corroborate SoBe's assertion that the grip area is indeed functional and not arbitrary. Talking Rain points to no distinctive feature shared by Talking Rain's and SoBe's bottles, beyond the functional grip area. See Tie Tech, 296 F.3d at 786. In short, the functional grip area is the essence of Talking Rain's claimed distinctiveness.
 
 
 15
 The first three Disc Golf factors support the district court's finding that Talking Rain's trademark is functional. Under TrafFix, the existence of alternative designs does not diminish these indicia of functionality. SoBe has overcome the presumption of nonfunctionality created by Talking Rain's trademark registration.[3] Thus, we conclude that the district court correctly found that Talking Rain's trademark is functional and therefore invalid. The district court correctly granted summary judgment to SoBe on the federal and state law claims.
 
 
 16
 AFFIRMED.
 
 APPENDIX A
 
 17
 NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 APPENDIX B
 
 18
 NOTE: OPINION CONTAINING TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 APPENDIX C
 
 
 Notes:
 
 
 [1]
 Talking Rain also owns U.S. Design Patent No. D-379,151, which depicts an ornamental design for a combined beverage bottle and cap. The parties' claims regarding the design patent have been settled out of court and are not before us
 
 
 [2]
 Talking Rain argues that its bottle design, which by definition serves as a holder of liquid, is merely "de facto" functional. But the bottle does more than hold liquid. Specifically, its grip area makes the bottle easier to hold than other bottles. Thus, the bottle is "de jure" functionalSee Leatherman Tool Group, 199 F.3d at 1012.
 
 
 [3]
 Talking Rain's design patent creates at most another presumption of nonfunctionality, which has been overcome by the same evidence rebutting Talking Rain's trademark registration