**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

APPLIED INFORMATION SCIENCES
CORP., a California corporation,
            *Plaintiff-Appellant,*

            v.

EBAY, INC., a Delaware
corporation,
            *Defendant-Appellee.*

No. 05-56123

D.C. No.
CV-04-00274-DT

APPLIED INFORMATION SCIENCES
CORP., a California corporation,
            *Plaintiff-Appellee,*

            v.

EBAY, INC., a Delaware
corporation,
            *Defendant-Appellant.*

No. 05-56549

D.C. No.
CV-04-00274-DT

OPINION

Appeal from the United States District Court
for the Central District of California
Dickran M. Tevrizian, District Judge, Presiding

Argued and Submitted
May 17, 2007—Pasadena, California

Filed December 28, 2007

16869

Before: Raymond C. Fisher and Richard R. Clifton, Circuit Judges, and Jeremy D. Fogel, District Judge.*

Opinion by Judge Fisher

---

*The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

**COUNSEL**

Joanna M. Esty, Angela C. Agrusa (argued), Wendy E. Lane, Liner Yankelevitz Sunshine & Regenstreif LLP, Los Angeles, California, for the appellant/cross-appellee.

Michael T. Zeller (argued), Daniel H. Bromberg, Patrick C. McGannon, Elizabeth B. Wydra, Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, California, for the appellee/cross-appellant.

**OPINION**

FISHER, Circuit Judge:

This appeal requires us to clarify what an owner of a federally registered trademark needs to establish in order to mount an infringement action against a user of the trademarked name on goods or services that are not the same as those specified in the owner's trademark registration. Applied Information Sciences Corp. (AIS) owns the trademark "SmartSearch" for certain computer related search functions, and claims that eBay, Inc. (eBay) uses the name "Smart Search" for its Internet auction website, which AIS contends will be confused with its "SmartSearch" product. The district court rejected the claim, granting summary judgment to eBay, and AIS now appeals. eBay cross-appeals the district court's order denying attorney's fees to eBay as the prevailing party. We affirm both the district court's grant of summary judgment and the denial of attorney's fees.

*I.  Background*

AIS is a vendor of specialized software. In 1994, AIS applied to register a trademark, "SmartSearch," and in 1998,

the United States Patent and Trademark Office issued AIS a registration for use of the mark on "computer software and instruction manuals sold together which allow the user to retrieve information from on-line services via phone line in the fields of agriculture and nutrition, books, chemistry, computers and electronics, education, law, medicine and biosciences, news, science and technology, social sciences and humanities." AIS asserts that it marketed SmartSearch products from 1995 to 2004.

AIS alleges that in 2000, eBay began using the Smart-Search mark without AIS's consent in violation of federal trademark and California unfair competition laws. eBay — a commercial website providing online auction services to Internet users — displayed the words "Smart Search" as a link on its homepage; clicking this link would take a user to a separate page with advanced search options. Late in 2001, AIS contacted eBay, requesting that it either pay a license fee or stop using the mark. eBay refused, and AIS filed the instant suit in the district court in 2004.

After both parties moved for summary judgment, the district court granted eBay's motion on the ground that AIS does not have a valid, protected interest in the mark.[1] The district

---

[1]AIS unsuccessfully moved to strike eBay's cross-motion for summary judgment as untimely or, in the alternative, for an extension of time to respond to the cross-motion. AIS argues that the district court erroneously allowed eBay to file its cross-motion in violation of the scheduling order. We conclude that the district court's denial of AIS's motion was not an abuse of discretion. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000). Even if AIS is correct that the scheduling order required eBay to file its cross-motion earlier, AIS would have to show that its "substantial rights" were affected. Fed. R. Civ. P. 61; *see also Nicholas v. Wallenstein*, 266 F.3d 1083, 1089 (9th Cir. 2001) (Tashima, J., concurring). The record reflects that AIS had a full and fair opportunity to explain why it opposed eBay's cross-motion. The district court specifically noted that it considered AIS's filing in opposition to eBay's motion. Moreover, AIS has not made clear how additional time "would [have] preclude[d] summary judgment." *Nicholas*, 266 F.3d at 1088-89 (affirming the denial of a continuance to permit further discovery in connection with opposition to a motion for summary judgment).

court later awarded costs of $8,971.31 against AIS, but denied eBay's motion for attorney's fees after concluding that the case was not exceptional. AIS appeals the grant of summary judgment, and eBay appeals the denial of attorney's fees.

## II.    Summary Judgment in Favor of eBay

Reviewing de novo the district court's grant of summary judgment and viewing the evidence in the light most favorable to AIS, *see Talking Rain Beverage Co., Inc. v. South Beach Beverage Co.*, 349 F.3d 601, 602 (9th Cir. 2003), we conclude that AIS discharged its burden of establishing that it had a valid, protectable interest in its SmartSearch mark, but failed to produce any admissible evidence tending to show a likelihood of confusion. For this reason, we affirm the district court's grant of summary judgment in favor of eBay.

[1] To prevail on its trademark infringement claim, AIS must show that: (1) it has a valid, protectable trademark, and (2) that eBay's use of the mark is likely to cause confusion. *See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047, 1053 (9th Cir. 1999). "The threshold issue in any action for trademark infringement is whether the words used by a manufacturer in connection with his product are entitled to protection." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1014 (9th Cir. 1985). There are three ways in which AIS could have established it had a protectable interest: (1) it has a federally registered mark in goods or services; (2) its mark is descriptive but has acquired a secondary meaning in the market; or (3) it has a suggestive mark, which is inherently distinctive and protectable. AIS argues that on the basis of its federal registration alone, it established its rights in the "SmartSearch" mark. We agree.

[2] Registration of a mark "on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of [the registrant's] exclusive right to use the mark on the goods and services

specified in the registration." *Brookfield Commc'ns*, 174 F.3d at 1047; *see also* 4 J. Thomas McCarthy on Trademarks and Unfair Competition § 16.19 (4th ed. 1992) ("A trademark registration on the federal Principal Register is at least prima facie evidence of the registrant's ownership of the mark.") (hereinafter "McCarthy"). Without registration, a plaintiff "would have to establish his right to exclusive use in a common law infringement action," *Vuitton Et Fils S.A. v. J. Young Enterprises, Inc.*, 644 F.2d 769, 775 (9th Cir. 1981), such as by proving that the mark is not generic, *see Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999), and that no one else had first used it in commerce, *see Brookfield Communications*, 174 F.3d at 1047. Registration, however, "discharges the plaintiff's original common law burden of proving validity in an infringement action." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005) (quoting *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002)). Thus, by demonstrating that it held a federal registration, AIS made a prima facie showing that it held a valid, protectable interest in the use of the SmartSearch mark in connection with the goods listed in its registration.[2]

---

[2]A defendant may still attack the validity of a plaintiff's registered trademark, such as by showing that someone else first used the mark in commerce or that the registration was flawed. *See Tie Tech, Inc.*, 296 F.3d at 783 ("[T]he plaintiff in an infringement action with a registered mark is given the prima facie or presumptive advantage on the issue of validity, thus shifting the burden of production to the defendant to prove otherwise . . . ."). eBay did argue below and on appeal that AIS's registration had been invalidated by a subsequent false filing to attain incontestable status, but the district court did not address this claim, and because the factual basis for this claim was disputed, summary judgment on this ground would have been inappropriate in any event. Because we conclude that AIS established a valid, protectable interest in the mark on which it based its trademark infringement action, we need not address AIS's arguments that it established such an interest because the mark had acquired secondary meaning or was suggestive.

**[3]** A registered trademark holder's protectable interest is limited to those goods or services described in its registration. *See* 15 U.S.C. § 1057(b) ("A certificate of registration of a mark . . . shall be prima facie evidence of . . . the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate."); 15 U.S.C. § 1115(a) ("Any registration issued . . . shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein . . . ."); *see also* McCarthy § 19:48 (stating that "the prima facie and incontestable provisions of the Lanham Act apply only to the goods or services specified in the registration").

**[4]** However, the scope of validity and the scope of relief for infringement are not coextensive. Although the *validity* of a registered mark extends only to the listed goods or services, an owner's *remedies* against confusion with its valid mark are not so circumscribed. The language of the infringement statute, 15 U.S.C. § 1114, does not limit remedies for allegedly infringing uses to those goods within the ambit of registration:

> Any person who shall, without the consent of the registrant . . . (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of *any goods or services* on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. § 1114(1) (emphasis added). Thus a trademark owner may seek redress if another's use of the mark on differ-

ent goods or services is likely to cause confusion with the owner's use of the mark in connection with its registered goods:

> [O]n the issue of validity, the recitation of goods and services in the registration limits the scope of presumptions of validity, but on the separate issue of infringement, the registered mark is infringed when used by another with any goods or services which creates a likelihood of confusion.

McCarthy § 24:65; *see also* Gilson on Trademarks, § 4.03[3][a] (2007) ("[W]hen a plaintiff does base the action on use of his mark on the goods or services identified in the [incontestable] registration, the *scope of relief* will extend beyond those goods or services to an infringing mark used on any goods or services where confusion is likely to result.") (emphasis in original).

In *Interstellar Starship Services, Ltd. v. Epix Inc.*, 184 F.3d 1107 (9th Cir. 1999), we emphasized that a markholder's rights to protect its interest in a registered mark were not limited to infringement actions against those using the mark in connection with the specified goods or services, expressly rejecting an argument that the plaintiff was required to show that the scope of its valid interest extended to the *defendant's* use of the mark:

> [The defendant] does contend that the Epix trademark is not valid as a service mark for "consulting services" — only for the uses specified in its registration. However, the reach of "EPIX" does not affect its validity as a mark. Rather, the likelihood of confusion analysis deals with the similarity of products and services and the likelihood of expansion in product lines.

*Id.* at 1110 n.1. Such has been the longstanding rule in other circuits as well. *See, e.g.*, *E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1529 (11th Cir. 1985) (proceeding to a likelihood of confusion analysis where the plaintiff's registration was only for cognac and brandy, and the defendant's allegedly infringing use was in selling wine); *Cont'l Motors Corp. v. Cont'l Aviation Corp.*, 375 F.2d 857, 861 (5th Cir. 1967) ("The remedies of the owner of a registered trademark are not limited to the goods specified in the certificate, but extend to any goods on which the use of an infringing mark is 'likely to cause confusion.' "); *Chandon Champagne Corp. v. San Marino Wine Corp.*, 335 F.2d 531, 534 (2d Cir. 1964) ("A registered trade-mark is safeguarded against simulation not only on competing goods, but on goods so related in the market to those on which the trademark is used that the good or ill repute of the one type of goods is likely to be visited upon the other.") (internal quotation marks omitted).[3]

**[5]** In sum, a plaintiff trademark owner must establish a valid, protectable interest in order to proceed to the second prong of the trademark infringement analysis — the likelihood of confusion resulting from the defendant's alleged infringing use. Having established a protectable interest by proving it is the owner of a registered trademark, the owner does not additionally have to show that the defendant's allegedly confusing use involves the *same* goods or services listed in the registration.

---

[3]It is possible — though not entirely clear — that one circuit has established a rule to the contrary. *See Natural Footwear Ltd. v. Hart, Schaffner & Marx*, 760 F.2d 1383, 1396 (3d Cir. 1985) ("We believe that [the Lanham Act's] purpose is best served by limiting the impact of a registered mark to only the specific terms of the registration so as to allow parties interested in marketing products with a new mark to rely as fully as possible on the registry."). *But see* McCarthy § 24:65 n.5 (criticizing the Third Circuit's decision in *Natural Footwear* as "confused and internally inconsistent" and asserting that "limiting infringement remedies to only defendant's goods which are identical to those in the plaintiff's registration . . . is not the law anywhere").

The district court here found that AIS's registration was limited to " '[c]omputer software and instruction manuals sold together which allow the user to retrieve information from on-line services via a phone line' in various 'fields.' " The district court, however, then concluded that because AIS's federal registration did not include eBay's use of the mark as "a hyperlink for its web-based trading service," AIS's infringement action failed for lack of a protectable interest. In so concluding, the district court relied upon *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985) (en banc), citing to the following passage:

> Strauss cannot simply rely on the federal registration of certain tabs, most notably of those on pants, to establish a protected interest in a pocket tab on garments generally, because registration constitutes prima facie evidence of a protected interest with respect to the *goods* specified in the registration only.

*Levi Strauss*, 778 F.2d at 1354 (emphasis added). eBay argued, and the district court agreed, that this passage required AIS to prove that eBay has used the SmartSearch mark "on goods described in [AIS's] registration" in order to make its threshold showing of a valid, protectable interest. This reading of *Levi Strauss* is questionable.

Our refusal to allow Levi Strauss to rely on its federal registration stemmed from the way in which Strauss pled its case. Strauss was attempting to extend its *own* use of its registered mark to goods not specified in its federal registration. Its federally registered trademark was limited to *pants* pocket tabs, but its trademark infringement claim was based on an alleged trademark in *clothing* pocket tabs generally. *See Levi Strauss*, 778 F.2d at 1359 ("Strauss pleaded this case not as an infringement of its tab as applied to the pants market or as applied to the shirt market, but as an infringement of its alleged trademark rights in a pocket tab on garments general-

ly."). Where, however, a plaintiff bases its trademark infringement claim upon the confusion the defendant's use will create for the plaintiff's use of its mark in connection with its *own* registered goods or services, *that* claim comes within the scope of its protectable interest.

Here, AIS alleged infringement of a mark it used in connection with the kind of products specified in its federal registration: "computer software and instruction manuals sold together" that allow users to retrieve information online. Whether or not eBay ever used the SmartSearch mark in connection with goods specified in AIS's registration is irrelevant to the question of whether AIS established a valid, protectable interest. By virtue of its federal registration, AIS discharged its burden of establishing the validity of the SmartSearch mark in connection with those goods listed in the registration. Whether eBay's use of SmartSearch infringed AIS's protected interest then becomes a question of *likelihood of confusion*.

**[6]** However, we do not have to determine whether the district court erred in its interpretation of *Levi Strauss*, because in opposing eBay's motion for summary judgment AIS failed to produce any admissible evidence tending to show a likelihood of confusion, or address any of the *Sleekcraft* factors required for a likelihood of confusion analysis. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003); *see also Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046, 1053-54 (9th Cir. 1999); *Simo v. Union of Needletrades, Indus. & Textile Employees, Sw. Dist. Council,* 322 F.3d 602, 610 (9th Cir. 2003) ("We may affirm a grant of summary judgment on any ground supported by the record."). We therefore affirm the district court's grant of summary judgment in favor of eBay.

*III.   Attorney's Fees*

Under 15 U.S.C. § 1117(a) of the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to

the prevailing party." A case may be considered exceptional "[w]hen a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Stephen W. Boney, Inc. v. Boney Servs.*, 127 F.3d 821, 827 (9th Cir. 1997) (internal citation and quotation marks omitted). We review a district court's denial of a motion for attorney's fees under the Lanham Act for an abuse of discretion. *Id.* at 825.

**[7]** After the district court entered judgment in its favor, eBay filed a motion for attorney's fees. The district court denied eBay's motion, finding no compelling proof that AIS acted capriciously or pursued litigation to harass eBay, or that AIS intended to bring a meritless or unreasonable case against eBay. We agree that AIS's case was not frivolous and that AIS raised debatable issues. The district court did not abuse its discretion in denying eBay's motion for attorney's fees.

Accordingly, the grant of summary judgment in favor of eBay is **AFFIRMED.** The district court's denial of eBay's motion for attorney's fees is also **AFFIRMED.**