**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATLAS EQUIPMENT CO LLC, a Washington limited liability company, <br><br>         Plaintiff - Appellee, <br><br>   and <br><br> ATLAS EQUIPMENT MANUFACTURING LTD., aka Hebei Atlas Equipment Manufacturing, Ltd.; et al., <br><br>         Third-party-defendants - Appellees, <br><br>   v. <br><br> WEIR MINERALS AUSTRALIA LTD, an Australian public company; et al., <br><br>         Defendants-third-party-plaintiffs-cross-claimants - Appellants. | No. 09-36151 <br><br> D.C. No. 2:07-cv-01358-TSZ <br><br><br> MEMORANDUM[*] |
| ATLAS EQUIPMENT CO LLC, a Washington limited liability company, <br><br>         Plaintiff - Appellant, | No. 10-35051 <br><br> D.C. No. 2:07-cv-01358-TSZ |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

and

ATLAS EQUIPMENT
MANUFACTURING LTD., aka Hebei
Atlas Equipment Manufacturing, Ltd.; et
al.,

             Third-party-defendants -
Appellants,

  v.

WEIR SLURRY GROUP INC, a
Wisconsin corporation; et al.,

             Defendants-third-party-
plaintiffs-cross-claimants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted December 6, 2010
Seattle, Washington

Before: BEEZER, O'SCANNLAIN, and PAEZ, Circuit Judges.


In No. 09-36151, Weir appeals the district court's order granting summary

judgment to Atlas Equipment on Weir's trade dress claim. Weir contends that the

court applied an erroneous legal standard in analyzing functionality and that there

exists a triable issue of material fact. In No. 10-35051, Atlas appeals the district

court's order denying in part its motion for attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in both matters.

We typically consider four factors in determining whether a product feature is functional: "(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, (4) and whether the particular design results from a comparatively simple or inexpensive method of manufacture." *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998). "A product feature need only have *some* utilitarian advantage to be considered functional." *Id.* at 1007. Moreover, once a court determines that a particular trade dress is functional, it need not continue to address whether there are alternative designs. *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 33-34 (2001).

Atlas presented undisputed evidence that each of the elements of Weir's purported trade dress has a utilitarian advantage. Weir presented no evidence concerning advertising or cost of production that raised a material triable issue of fact about the functionality of the individual features that comprise its purported trade dress. Accordingly, the district court properly concluded that Weir's purported trade dress was functional as a matter of law based on the undisputed facts on the record, and there was no need for the court to consider further evidence

3

of alternative designs.  *Id.*  In addition, because the overall configuration of the slurry pump is "nothing other than the assemblage of functional parts," there is no separate trade dress protection for the appearance of the pump as a whole. *Leatherman Tool Grp., Inc. v. Cooper Indus., Inc.*, 199 F.3d 1009, 1013 (9th Cir. 1999).

Although Weir's claims were ultimately unsuccessful, we agree with the district court that this was not an "exceptional" case under the Lanham Act, 15 U.S.C. § 1117(a), because Weir did not act unreasonably or in bad faith.  *See Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007) (denying attorneys' fees to a prevailing plaintiff).  The district court therefore did not abuse its discretion in denying attorneys' fees to Atlas.  We do not address Atlas's request for attorneys' fees for this appeal, as any such request must be made by separate motion.  Ninth Cir. R. 39-1.6.

In No. 09-36151, **AFFIRMED**.  In No. 10-35051, **AFFIRMED**.