UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SEAL SHIELD, LLC, a Florida limited liability company, | No.    15-55388 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-02736-CAB-NLS Southern District of California, San Diego |
| v. | |
| OTTER PRODUCTS, LLC, a Colorado limited liability company and TREEFROG DEVELOPMENTS, INC., DBA LifeProof, a Delaware corporation, | ORDER |
| Defendants-Appellees. | |

Before:  TALLMAN and FRIEDLAND, Circuit Judges, and ORRICK,[*] District Judge.

The memorandum disposition filed on January 30, 2017, is hereby amended.

The amended memorandum disposition is filed concurrently with this Order.

The petition for panel rehearing is DENIED.  No further petitions for panel

rehearing or rehearing en banc will be accepted.

---

[*]    The Honorable William Horsley Orrick III, United States District Judge for the Northern District of California, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEAL SHIELD, LLC, a Florida limited liability company, | No. 15-55388 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-02736-CAB-NLS |
| v. | AMENDED MEMORANDUM[*] |
| OTTER PRODUCTS, LLC, a Colorado limited liability company and TREEFROG DEVELOPMENTS, INC., DBA LifeProof, a Delaware corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted January 13, 2017
Pasadena, California

Before: TALLMAN and FRIEDLAND, Circuit Judges, and ORRICK,[**] District Judge.

Appellees Otter Products, LLC, and its wholly owned subsidiary TreeFrog

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable William Horsley Orrick III, United States District Judge for the Northern District of California, sitting by designation.

Developments, Inc. (together, "TreeFrog"), registered the "LIFEPROOF" mark for use with protective cases for personal electronic devices.  Appellant Seal Shield, LLC, proceeding as successor-in-interest to KlearKase, LLC, filed suit to cancel that registration on the ground that TreeFrog's mark is likely to cause confusion with a similar mark previously used by another in commerce—KlearKase's "Life Proof™" mark.[1]  Seal Shield also asserted related claims for trademark and domain name infringement, false designation of origin, and unfair competition.

The relevant facts were undisputed; the parties contested only whether there was sufficient evidence for a reasonable juror to conclude that KlearKase used its mark in a protectable way before July 12, 2010—the date on which TreeFrog filed an intent-to-use ("ITU") application for its "LIFEPROOF" mark with the United States Patent and Trademark Office ("USPTO").[2]  Specifically, the parties disputed whether a reasonable juror could find that KlearKase's mark was sufficiently distinctive to merit trademark protection.  The parties cross-moved for summary judgment, and the district court granted summary judgment in favor of TreeFrog.

---

[1] We use the terms "LIFEPROOF" (TreeFrog's version) and "Life Proof™" (KlearKase's version) to indicate which entity's mark is being referenced.
[2] TreeFrog's ITU application for use of the "LIFEPROOF" mark provides the relevant date for determining priority of use.  *See* 15 U.S.C. § 1057(c).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  TreeFrog's "LIFEPROOF" mark is federally registered; KlearKase's "Life Proof™" mark is not. Because its mark is federally registered, TreeFrog enjoys a presumptively valid, protectable interest in the "LIFEPROOF" mark. *See Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007); *accord* 15 U.S.C. §§ 1057(b), 1115(a).  To prevail on its claims, Seal Shield must rebut that presumption by proving by a preponderance of the evidence that KlearKase has priority in the mark because of its use of the phrase "life proof" as a valid, protectable trademark in commerce before July 12, 2010.  *See Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 756 (9th Cir. 2006); *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1126 (9th Cir. 2006) ("[T]he litigant attempting to establish priority of commercial use must demonstrate both adoption of the mark[] and '[u]se in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark.'" (quoting *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1052 (9th Cir. 1999) (alteration in original))).

That burden informs our de novo inquiry into the propriety of summary judgment.  Although we view the facts and draw all reasonable inferences in the

3

nonmovant's favor, *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016), "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and warrants summary judgment for the moving party, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Here, Seal Shield failed to present evidence from which a reasonable juror could conclude that KlearKase's "Life Proof™" mark was sufficiently distinctive—from the perspective of prospective purchasers—to be a valid, protectable trademark prior to July 12, 2010. *See Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010). In this case, Seal Shield opted not to introduce any evidence about how prospective purchasers would have perceived KlearKase's mark.[3] Although consumer-survey type evidence is not required for Seal Shield to prevail on its claims, in its absence we are unable to "say with confidence precisely what consumers will understand [the mark] to

---

[3] Seal Shield also failed to put forward evidence bearing on whether competitors need to use the phrase "life proof" to describe their products. *Cf. Zobmondo*, 602 F.3d at 1117 (concluding that a triable issue remained as to whether mark was distinctive where the party opposing summary judgment "proffered significant evidence suggesting that its competitors [did] not need to use [the mark] to fairly describe their products" to prove that its mark was distinctive).

4

mean." *Id.* at 1116.

Rather than presenting consumer-focused evidence, Seal Shield concentrated on the fact that the USPTO registered *TreeFrog's* mark. Although we have held that courts can consider the USPTO's registration of "highly similar" or "nearly identical" marks in assessing distinctiveness, we have emphasized that "[c]ontext is critical to [that] distinctiveness analysis." *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1199-1201 (9th Cir. 2009). Here, Seal Shield did not submit any evidence about the contents of TreeFrog's ITU application or how the "LIFEPROOF" mark was used on TreeFrog's product packaging.[4] There is thus no evidence from which a reasonable juror could conclude that the two marks were "highly similar" or "nearly identical" in context. Without that evidence, there is no basis to infer that KlearKase's mark was distinctive from the mere fact of TreeFrog's registration.

In short, Seal Shield did not carry its burden of presenting evidence from which a reasonable juror could conclude that KlearKase had a distinctive,

---

[4] At oral argument, Seal Shield pointed to a declaration filed in support of a separate motion as evidence of how TreeFrog's mark appeared on its packaging. Seal Shield waived any such argument by failing to mention the declaration in its briefs or include the declaration in its excerpts of record. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

protectable trademark prior to July 12, 2010.[5]  That failure of proof entitles TreeFrog to summary judgment.

2.  Seal Shield also seeks review of an order granting summary judgment in favor of TreeFrog on infringement claims asserted in a different action, *TreeFrog Devs., Inc. v. Seal Shield, LLC*, No. 14-cv-68 (the "14-cv-68 Action").  Seal Shield did not timely file a notice of appeal in the 14-cv-68 Action, which is a mandatory prerequisite to our exercise of jurisdiction.  *See Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016); *accord* 28 U.S.C. § 2107(a).  Seal Shield tries to escape this mandatory jurisdictional bar by arguing that the 14-cv-68 Action was consolidated with the case before us when the relevant order was issued.  Seal Shield has identified no statute, federal procedural rule, or precedent authorizing us to exercise jurisdiction over an order entered in an action that was not timely appealed just because it was at one time consolidated with—but ultimately severed from—the case before us.  Accordingly, Seal Shield has not satisfied its burden of establishing that we have jurisdiction to review any orders entered in the 14-cv-68 Action.  *See Melendres*, 815 F.3d at 649.

---

[5] Because we hold that there was no evidence from which a reasonable juror could conclude that KlearKase's mark was distinctive, we need not reach TreeFrog's alternative argument about market penetration.

6

**AFFIRMED.**