NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,  Plaintiff-Appellee,  v.  BUY MORE, INC., a California corporation; MOJDEH ALAM, AKA Moji Alam, DBA AVERAPC; LAPTOP OUTLET CENTER, INC., a California corporation; MARYAM SAJJAD, DBA Side Micro, Inc., an individual; VEHID ABDULLAHI, AKA Victor Alleni, an individual; SHAHRAM SHIRAZI, AKA Shawn Shiraz, an individual,  Defendants-Appellants. | No.   15-56544  D.C. No. 2:14-cv-09697-R-PLA  MEMORANDUM * |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted April 5, 2017
Pasadena, California

Before:  M. SMITH and N.R. SMITH, Circuit Judges, and FEINERMAN, District Judge. **

_____

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **      The Honorable Gary Feinerman for the Northern District of Illinois,

Buy More, Inc., Mojdeh Alam, Laptop Outlet Center, Inc., Maryam Sajjad, Vehid Abdullahi, and Shahram Shirazi (collectively, Defendants) appeal the district court's grant of summary judgment in favor of Microsoft Corporation (Microsoft) on five causes of action and the resulting judgment entered against them for $1,950,000 in statutory damages. We review *de novo* a district court's grant of summary judgment. *Curley v. City of N. Las Vegas*, 772 F.3d 629, 631 (9th Cir. 2014). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. To establish a claim of direct copyright infringement, a plaintiff must show: (1) "ownership of the allegedly infringed material" and (2) "that the alleged infringers violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1003, 1013 (9th Cir. 2001)).

The undisputed evidence demonstrates that Defendants sold 60 units of software, each of which included a counterfeit copy of Windows 7 or Microsoft Office 2007. Microsoft possesses a total of five copyright registrations for Windows 7 and Microsoft Office 2007, which establishes a presumption of Microsoft's ownership of the copyrights in the software. *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1110 (9th Cir. 1998). Distribution by sale is an exclusive

---

sitting by designation.

2

right granted by copyright protection, which Defendants violated by selling counterfeit Windows 7 and Microsoft Office 2007 software. 17 U.S.C. § 106(3).

Defendants do not contest Microsoft's ownership of the copyrights in Windows 7 and Microsoft Office 2007 or that the 60 software units contained counterfeit software. Instead, Defendants argue that a genuine dispute of material fact exists as to whether Defendants personally committed the acts of infringement. Defendants claim that (1) all acts of infringement were committed by their business partner Moshen Ravanbaksh, (2) evidentiary objections render the declaration of Microsoft's expert witness Helen Ventura, who analyzed the 60 units of software, inadmissible, and (3) Microsoft has produced insufficient evidence establishing that the 60 units of software were purchased from Defendants.

None of Defendants' arguments is sufficient to defeat summary judgment. First, in attributing all acts of infringement to Ravanbaksh, Defendants ignore the overwhelming evidence in the record of each individual defendant's personal involvement in the sale of the 60 units of counterfeit software and fail to identify any evidence implicating Ravanbaksh beyond the declarations of Abdullahi and Alam. But "[c]onclusory, self-serving affidavit[s], lacking detailed facts and any supporting evidence, are insufficient to create a genuine issue of material fact." *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012) (internal

quotation marks omitted) (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1158, 1171 (9th Cir. 1997)). Second, Ventura's declaration is admissible. "At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). None of Defendants' evidentiary objections raise a valid reason for finding the contents of Ventura's declaration to be inadmissible. Third, Microsoft provided uncontroverted evidence that the 60 software units analyzed by Ventura were in fact purchased from Defendants: Microsoft produced declarations from the individuals who made the purchases and customer submissions that included Defendants' invoices and photographic documentation of the purchased software units. Accordingly, Defendants have not identified any genuine disputes of fact as to either element of Microsoft's copyright infringement claim, and the district court properly granted summary judgment to Microsoft.

2. To establish a claim of direct trademark infringement, a plaintiff must show "(1) it has a valid, protectable trademark, and (2) that [the defendant's] use of the marks [in commerce] is likely to cause confusion." *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007).

Microsoft's expert witness found nine counterfeit trademarks present throughout the 60 units of software. Microsoft has valid registrations for all nine

4

trademarks at issue, which "constitutes prima facie evidence of the validity of the registered mark[s]." *Id.* at 970 (quoting *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047 (9th Cir. 1999)). Microsoft has also created a presumption of the likelihood of confusion because Defendants used counterfeit trademarks with an intent to confuse, which can be inferred from Defendants' marketing of the counterfeit software as authentic Microsoft software. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 945 (9th Cir. 2011).

Defendants offer no evidence to rebut the validity of Microsoft's trademarks or the presumption of a likelihood of confusion and instead rely on the same arguments that we rejected with respect to Microsoft's copyright infringement claim. Defendants therefore have not identified any genuine disputes of material fact as to either element of Microsoft's trademark infringement claim, and the district court properly granted summary judgment to Microsoft.

3. Claims for false designation of origin under the Lanham Act and unfair competition under California common law both share a single test: likelihood of confusion. *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000). The analysis for these claims is therefore identical to the analysis for Microsoft's trademark infringement claim. *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 n.2 (9th Cir. 1998). For the reasons explained above, Defendants have not demonstrated a genuine dispute of material fact as to the element of

5

likelihood of confusion. The district court properly granted summary judgment to Microsoft on these claims.

4. The Anti-Counterfeiting Amendments Act of 2004 criminalizes the knowing trafficking of counterfeit or illicit labels affixed to, enclosing, or accompanying a copy of a computer program. 18 U.S.C. § 2318(a)(1)(A)(ii). This statute provides a civil remedy for any copyright owner injured by a violation. 18 U.S.C. § 2318(e)(1). Where, as here, the computer programs in question were copyrighted, a civil claim under this statute requires the plaintiff to show: (1) ownership of the copyrights for the works at issue and that the defendant (2) knowingly (3) trafficked in illicit or counterfeit labels that were affixed to, enclosed, or accompanied, or were designed to be affixed to, enclosed, or accompany the works at issue. *See generally* 18 U.S.C. § 2318.

First, as discussed above, Microsoft possesses five valid copyright registrations for Windows 7 and Microsoft Office 2007, which establishes a presumption of ownership of these copyrights. Second, the 60 units of software sold by Defendants contained illicit Certificates of Authority (COA), because the COAs were distributed with counterfeit copies of Microsoft software in violation of the terms of Microsoft's Registered Refurbisher Program (RRP). 18 U.S.C. § 2318(b)(4)(B)(i). Third, Defendants were aware that RRP COAs were only to be paired with approved software, as participation in the RRP was conditioned on

6

signing an agreement which memorialized the program's terms. By pairing COAs with non-approved software, it can be inferred that Defendants had knowledge that the COA labels were illicit.

Defendants do not raise any challenges specific to this claim and rest on the same arguments that we have now rejected with respect to the preceding four causes of action. Defendants therefore have not identified any genuine disputes of fact with respect to any element of Microsoft's Anti-Counterfeiting Amendments Act of 2004 claim, and the district court properly granted summary judgment to Microsoft.

5. Defendants contend that Shirazi and Sajjad received insufficient service of process, because both are residents of Iran and neither was served there. We need not address this issue with respect to Shirazi, as he waived this objection by failing to raise it by motion or include it in a responsive pleading. Fed. R. Civ. P. 12(h)(1)(B).

Sajjad was properly served the complaint and summons pursuant to Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) permits the service of any individual in a foreign country "by other means not prohibited by international agreement, as the court orders." We have "commit[ted] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props. Inc. v.*

*Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Due process requires that the selected means of alternative service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The district court did not abuse its discretion in granting Microsoft's motion to serve Sajjad by alternative means. Microsoft presented the district court with evidence that it diligently attempted to serve Sajjad in the United States before filing the motion for alternative service: Microsoft attempted service at Sajjad's last known home addresses in the United States, Sajjad's counsel and Abdullahi both declined to accept service on her behalf, and Microsoft did not have an address for her in Iran. The district court's determination that alternative service was necessary was both reasonable and supported by the record.

Furthermore, the authorized means of alternative service were reasonably calculated to provide notice to Sajjad. The district court permitted Microsoft to serve Sajjad through email at admin@sidemicro.com and by service on her counsel. Sajjad had access to that email account, as Side Micro, Inc.'s RRP account information identified Sajjad as the user associated with that email account. Sajjad was also in contact with her counsel prior to Microsoft's request for alternative service, as evidenced by her counsel's filing of a motion to dismiss

8

with a supporting declaration from Sajjad that predated Microsoft's request. Sajjad was therefore validly served pursuant to Rule 4(f)(3).

6. Defendants raise two arguments for the first time on appeal: (1) that the statutory damages award is excessive pursuant to *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and (2) that the district judge was biased in favor of Microsoft and should have *sua sponte* recused himself. We conclude that they are waived and decline to address them. *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016) ("Generally, an appellate court will not hear an issue raised for the first time on appeal.").

**AFFIRMED.**